IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
-----------------------------------------------------------------X
THREE R LLC and OBSTETRICAL                      :
ASSOCIATES, INC. Individually and on Behalf of   :
Themselves and all Others Similarly Situated,    :   No. 1:18-cv-30133-PBS
                                                 :
                    Plaintiffs,                  :
                                                 :
         -against-                               :   SUR-REPLY IN OPPOSITION TO
                                                 :   CYNOSURE'S MOTION TO DISMISS
CYNOSURE, INC,                                   :   COUNT I OF THE AMENDED
                                                 :   COMPLAINT
                    Defendant.                   :
-----------------------------------------------------------------X
```

To all intents and purposes, Cynosure's reply in support of its motion to dismiss ("Reply Br.") claims a right to make deceptive representations and omissions about lasers it markets for intravaginal use. When Cynosure's sales representative pitched Plaintiff Three R LLC ("Three R"), he said that the MonaLisa Touch laser "presented no risk to patients." Amended Complaint ("AC") ¶ 35, Dkt. No. 23. The pitch worked. Some time later, the Food and Drug Administration ("FDA") warned that lasers like the MonaLisa Touch "could lead to serious adverse events" including vaginal burns, scarring, pain during sexual intercourse, and recurring/chronic pain. *Id.* ¶ 2. Three R found itself in possession of an unmerchantable laser that now gathers dust as lease payments continue to come due. *Id.* ¶ 4. Cynosure sees nothing wrong with its deceptive tactics. It says its sales representative was engaging in nothing more than "permissible puffery." Reply Br. at 2-3, Dkt. No. 46. What Cynosure calls "puffery," the FDA calls "deceptive marketing of a dangerous procedure with no proven benefit" and "egregious." AC ¶ 2.

Incredibly, Cynosure sees itself as no different from the defendant in *Hansmann v. Nationstar Mortg., LLC*, 2014 Mass. App. Unpub. LEXIS 797, at *3-4 n.3 (Mass. App. Ct. June

25, 2014).  *See* Reply Br. at 3.  There, a mortgage servicer advertised that it was "here to help." The court held that the servicer's advertisement was puffery and not actionable under Chapter 93A.  Cynosure, on the other hand, represented as "no risk" a laser that could burn and scar womens' vaginas.  AC ¶ 2.   Stated bluntly, in what universe does this case look anything like *Hansmann*?  *See Cont'l Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal. App. 3d 388, 424 (Cal. App. 1989) (rejecting puffery defense because "promises of safety are not statements of opinion—they are representations of fact") (internal quotations and citations omitted).

Contrary to Cynosure, the allegations about Three R's meetings with Andrew satisfy Rule 9(b).  Opposition to Motion to Dismiss ("Opp. Br.") at 2-3, Dkt. No. 45.  The allegations provide the "who," "what," "where," and "when" of Cynosure's Chapter 93A violation.  *Id.* Based on those allegations alone, the Court should deny Cynosure's motion.

Cynosure's arguments about the sufficiency of additional allegations are beside the point since Three R states a Chapter 93A claim.  Regardless, the arguments fail.  Cynosure maintains that paragraphs 31 and 70 of the Amended Complaint do not satisfy Rule 9(b) because they do not refer specifically to Three R.  Reply Br. at 1.  On the contrary, Paragraph 70 explicitly refers to Three R because it refers to "Plaintiffs," as distinct from "the Class."  The term "Plaintiffs" is defined to include Three R.  AC ¶ 1.  While Paragraph 31 does not use the word "Three R," paragraph 31, like paragraph 70, discusses Cynosure's practice of concealing the dangers of the MonaLisa Touch.  It follows that Andrew, a Cynosure employee marketing the MonaLisa Touch, concealed these dangers during his meetings with Three R.

As a last ditch effort, Cynosure pretends that the Amended Complaint says nothing about Andrew's representations and omissions concerning vaginal rejuvenation.  Reply Br. at 1-2. Andrew said the MonaLisa Touch "presented no risk to patients."  AC ¶ 35.  That necessarily

means the MonaLisa Touch presented no risk to patients *for any procedure*, including vaginal rejuvenation. Further, on any reasonable reading of the Amended Complaint, it is clear that Andrew discussed vaginal rejuvenation with Three R. Paragraph 39 of the Amended Complaint states, "The purpose of the lease was to obtain a unit that would treat vaginal atrophy and remedy such atrophy through vaginal rejuvenation." Paragraph 35 states that Andrew and Three R discussed "the treatment"—not multiple treatments. "The treatment" is, and can only be, using the machine for treating vaginal rejuvenation. Opp. Br. at 3.

Were the Court to dismiss Three R's Chapter 93A claim (which it should not), Cynosure offers no convincing argument why leave to amend should not be granted. Cynosure maintains, unconvincingly, that amendment will invite a parade of horribles: unspecified prejudice, inefficiency, unfairness, and burdens on the court. Reply Br. at 5. It is Cynosure that has introduced inefficiency into this matter and needlessly burdened the Court by filing this motion to dismiss. Regardless of how the motion is decided, Three R will remain a party and discovery will proceed in the same way it would otherwise proceed. Cynosure's prejudice argument is even weaker. This case is in its infancy. Fact discovery does not close until July 17, 2019. Dkt. No. 44. Cynosure will suffer zero prejudice from an amendment at this early stage—which is, obviously, why Cynosure fails to identify any prejudice.

Additionally, Cynosure is wrong when it argues that Three R's amendment would be futile. Cynosure states that Three R's proposed amendment language, Opp. Br. at 4, would be insufficient because it does not allege "Cynosure ever told Plaintiff prior to the sale that the device could be used to treat vaginal atrophy, let alone the specific substance of the statement, who made the statement, who received the statement, and the approximate time of the statement, as required by Rule 9(b)." Reply Br. at 4. There is no need to allege this detail in an amendment

because, as discussed above, it is already present in the Amended Complaint. If it would stop Cynosure from filing motions that do little more than waste time, Three R would gladly take the unnecessary step of providing Cynosure an amended pleading alleging that:

- During Andrew's meetings with Three R, Andrew marketed the MonaLisa Touch as a device that would be used for vaginal rejuvenation.

- Three R explained in its meetings with Andrew that it was interested in a MonaLisa Touch for purposes of treating vaginal atrophy (colloquially, for purposes of vaginal rejuvenation).

- Andrew's statement that the MonaLisa Touch "presented no risk to patients" was made while discussing using the MonaLisa Touch for purposes of vaginal rejuvenation.

- Andrew represented that the MonaLisa Touch was FDA approved but failed to explain it was not FDA approved for purposes of treating vaginal atrophy.

- In marketing and selling the MonaLisa Touch for purposes of vaginal rejuvenation, Andrew, during his meetings with Three R, did not disclose that the MonaLisa Touch may be unsafe for vaginal rejuvenation, and, rather, impliedly or expressly represented that it would be safe for vaginal rejuvenation. (This is the text of AC ¶ 31 with "Cynosure" changed to "Andrew, during his meetings with Three R.")

- Defendant's misleading scheme and concealment of the true characteristics of the MonaLisa Touch and its selling of the device usable for vaginal rejuvenation purposes, which was information as to which it had or should have had superior knowledge as a maker and seller of medical devices and upon which Three R and Obstetrical Associates and the Class relied, were material to Three R and Obstetrical Associates and the Class, as Defendant intended. Had they known the truth, Three R and Obstetrical Associates and the Class would not have purchased or leased the MonaLisa Touch, or—if the MonaLisa Touch's true nature had been disclosed—would have paid significantly less for the MonaLisa Touch or leased it for significantly less. (This is the text of AC ¶ 70 with "Plaintiffs" changed to "Three R and Obstetrical Associates.")

It is worth pointing out that the fourth bullet is the proposed text identified in Plaintiffs' opposition brief (Opp. Br. at 4) and the other bullets reflect information that is already in the Amended Complaint on any fair reading. *See* discussion, *supra*. It would be disingenuous for

Cynosure to argue, based on the text of the Amended Complaint and the arguments in Plaintiffs' opposition brief, that any of these bullets would come as a surprise.

Cynosure's final request, for Three R to file a formal motion to amend, confirms that Cynosure has no qualms about burdening the Court with unnecessary motion practice. Here, Cynosure cites *Brennan v. Zafgen*, 199 F. Supp. 3d 444, 472 (D. Mass. 2016) to argue that any such leave should be denied. Reply Br. at 5. *Brennan* relies on a First Circuit case stating, *"[w]e wish to discourage this practice of seeking leave to amend after the case has been dismissed."* *Brennan*, 199 F. Supp. 3d at 247 (quoting *Fire & Police Pension Ass'n of Colo.*, 778 F.3d 228, 247 (1st Cir. 2015)) (emphasis supplied in *Brennan*). This case is obviously not *Brennan*. As discussed earlier, regardless of how the Court rules on Cynosure's motion, the case will continue. If the Court is inclined to dismiss Three R's Chapter 93A claim, it should grant leave to amend. *See Crimson Galeria Ltd. P'ship v. Healthy Pharms, Inc.*, Civil Action No. 17-cv-11696-ADB, 2018 U.S. Dist. LEXIS 141689, at *5 (D. Mass. Aug. 21, 2018) (granting leave to amend in the absence of formal motion to amend because, *inter alia*, the case was at an early stage and Rule 15 reflects a "liberal amendment policy"); *United States ex rel. Wollman v. Gen. Hosp. Corp.*, Civil Action No. 15-cv-11890-ADB, 2018 U.S. Dist. LEXIS 55793, at *31 (D. Mass. Mar. 30, 2018) (granting leave to amend in the absence of formal motion where "the Court cannot conclude at this time that [the] request for leave to amend is futile").

For the reasons stated in Three R's opposition brief and in this sur-reply, Cynosure's motion should be denied. In the alternative, Three R should be granted leave to amend.

Dated: December 4, 2018
     Rye Brook, New York                      Respectfully submitted,

                                                                   Seth R. Lesser (admitted *pro hac vice*)

Fran L. Rudich (BBO No. 548612)
Michael H. Reed (admitted *pro hac vice*)
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Fax: (914) 934-9220
seth@klafterolsen.com
fran@klafterolsen.com
michael.reed@klafterolsen.com

Michael A. Galpern (admitted *pro hac vice*)
Eric G. Kahn (admitted *pro hac vice*)
JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, P.C.
100 Century Parkway, Suite 305
Mount Laurel, NJ 08054
Telephone: (973) 379-4200
Fax: (973) 379-7872
mgalpern@lawjw.com
EKahn@JaverbaumWurgaft.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Seth R. Lesser
One of the Attorneys for Plaintiffs
